IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JORAM DUME, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-2752 (LMB/WBP) |
| | ) | |
| JEFF CRAWFORD, et al., | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

Petitioner Joram Dume ("Dume"), a native and citizen of Haiti, has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he alleges that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since August 16, 2026. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Counts I and II) and his due process rights under the Fifth Amendment (Count III).

Dume is currently detained at the Farmville Detention Center, which is within the Eastern District of Virginia and the basis upon which he is suing Jeff Crawford, the Warden of the Farmville Detention Center. Dume has also sued Russell Hott, the Acting Director of the ICE Washington Field Office; David J. Venturella, the Acting Director of ICE; Markwayne Mullin, the DHS Secretary; Todd Blanche, the Attorney General; U.S. Customs Enforcement Federal Agency; the DHS; and the Executive Office for Immigration Review (collectively, "the federal respondents").

For the reasons discussed in this Order, the Court finds that Dume is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted, and the federal respondents will be ordered to release him from custody and provide him with a bond hearing before an immigration judge pursuant to § 1226(a).

I.

Although the Petition alleges that Dume entered the United States without inspection, [Dkt. No. 1] ¶ 30, the undisputed record developed after the Petition was filed establishes otherwise. On August 22, 2024, Dume presented himself for inspection at the Brownsville, Texas Port of Entry pursuant to a CBP One appointment. Customs and Border Protection ("CBP") found him inadmissible, briefly detained him, placed him in removal proceedings pursuant to 8 U.S.C. § 1229(a), and issued him a Notice to Appear charging him with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I). [Dkt. No. 6-1] at ¶ 6. That same day, CBP paroled Dume into the United States, with his parole authorized through June 27, 2025. Id. ¶ 7. His parole was not renewed or extended. Id.

On March 14, 2025, while still on parole, Dume filed an I-589 asylum application with the Baltimore Immigration Court that remains pending. Id. ¶ 8. On April 10, 2025, Dume appeared with counsel for a master calendar hearing before the Baltimore Immigration Court, where he admitted the factual allegations in his Notice to Appear and conceded the charges against him, including his designation as an arriving alien. Id. ¶ 9.

Dume's parole expired on June 27, 2025. DHS did not take him into custody at that time. Instead, Dume remained in the United States for approximately 14 months after the expiration of his parole. On August 16, 2026, nearly two years after his original inspection at the Brownsville

Port of Entry, ICE officers arrested Dume in Salisbury, Maryland. Id. ¶ 10. His removal proceedings remain pending. Id. ¶ 11.

On August 24, 2026, Dume filed the pending Petition. [Dkt. No. 1]. The federal respondents filed an opposition, [Dkt. No. 6], and Dume filed a reply, [Dkt. No. 7].

II.

The central question posed in the Petition is whether Dume is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) or discretionary detention pursuant to 8 U.S.C. § 1226(a). In support of their position that Dume is detained pursuant to § 1225(b)(2), the federal respondents emphasize that he presented himself at a port of entry, was paroled rather than admitted, and therefore remains an "arriving alien" and "applicant for admission" who is "seeking admission" and subject to mandatory detention, notwithstanding the passage of nearly two years between his inspection at the border and his arrest in Maryland.

The federal respondents' argument is unpersuasive, particularly in light of the Fourth Circuit's recent decision in Lopez Garcia v. Guadian, Nos. 25-7044, 25-7050, 2026 WL 2661092 (4th Cir. Sep. 10, 2026), which held, in part, that mandatory detention under § 1225(b)(2)(A) does not apply to a noncitizen who satisfies § 1225(a)(1)'s definition of an "applicant for admission." Rather, § 1225(b)(2)(A) separately requires that the noncitizen be "seeking admission," and construing that phrase as synonymous with "applicant for admission" would improperly render statutory language superfluous. Id. at *12-14. The Fourth Circuit therefore held that § 1226(a) governs noncitizens who have been living in the United States and are later apprehended in the interior, concluding that § 1226(a) "properly governs the detention of noncitizens like the Petitioners who are present in the United States, regardless of how they came to be in our country." Id. at *20.

That reasoning controls here. Dume sought admission when he presented himself for inspection at the Brownsville Port of Entry in August 2024. The examining officers resolved that encounter by paroling him into the United States. Although parole did not constitute an "admission," Dume was no longer seeking entry when ICE arrested him nearly two years later in Salisbury, Maryland. By then, his parole had expired more than a year earlier, he had remained at liberty in the United States, and his application for asylum and related relief remained pending. His August 2026 arrest was therefore an interior arrest of a noncitizen already present in the United States rather than the detention of a noncitizen then seeking admission at a border or port of entry. Accordingly, Dume is detained pursuant to § 1226(a), under which an immigration judge must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an immigration judge makes such a determination, Dume's continued detention is unlawful.

III.

For all these reasons, Dume's Petition, [Dkt. No. 1], is GRANTED as to Count II,[1] and it is hereby

ORDERED that Dume be promptly released from custody, with all his personal property, in order to appear at a bond hearing before an immigration judge; and it is further

ORDERED that Dume live at a fixed address which he must provide to the federal respondents;[2] and it is further

---

[1] Because the Court concludes that § 1226(a) governs Dume's detention, it need not reach his alternative claim under the Fifth Amendment.

[2] If petitioner opts to file a pleading in this civil action notifying the federal respondents of his fixed address, petitioner should file that pleading under seal.

ORDERED that respondents provide Dume with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Dume on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Dume is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

ORDERED that if Dume is released on bond, the federal respondents, along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them, be and are ENJOINED from rearresting Dume unless he (1) commits a violation of any federal, state, or local law; (2) fails to comply with the conditions of his release; (3) fails to attend a properly noticed immigration hearing; or (4) is detained pursuant to a valid, final order of removal.

The Clerk is directed to enter judgment in Dume's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 18th day of September, 2026.

Alexandria, Virginia

/s/ LMB

Leonie M. Brinkema
United States District Judge